The facts in this case show that this note, payable to the order of the cashier of the defendant, and endorsed by him as cashier, was sent to the Ohio Life and Trust Company for collection, and was by them fraudulently discounted with the plaintiffs. The question is whether the defendants are liable as endorsers.
It is conceded that under the case of The Bank of Genesee v.The Patchin Bank (19 N.Y. Rep. p. 309), the bank would not be liable on such an endorsement, if made as an accommodation endorsement, and known to the party taking it to be such. InBabcock v. Beman (1 Kern. 200), it was held that such an endorsement by the cashier was not the endorsement of the cashier individually. And the subsequent decision in The Bank ofGenesee v. The Patchin Bank (19 N.Y. Rep. p. 312), established the liability of a corporation on such an endorsement where the party discounting it was informed or had reason to believe the proposed discount was on behalf of the bank for whom the cashier acted. "The endorsement of Stokes (DENIO, J., says), the facts being shown, was the endorsement of the *Page 632 
bank, and not Stokes' individual act, and is just as available as though it had been perfect in form."
These cases dispose of the questions as to the liability of the defendants, both as to the form of the endorsement and as to the extent of the defendants' liability when the note is discounted for the benefit of the bank.
The only remaining question is whether the bank is liable on such an endorsement where the note has been fraudulently put in circulation by an agent of the bank without any authority to do so.
Upon the trial of this cause it was found by the referee that the plaintiffs were bona fide holders for a good consideration, in the usual course of their business, of this paper; that the note was passed to the plaintiffs by the Ohio Life Insurance and Trust Company without authority and that the note was sent to that company by the bank for collection only.
In the cases of The Farmers' and Mechanics' Bank of Kent v.The Butchers' and Drovers' Bank (16 N.Y. 125) and Meads v.The Merchants' Bank of Albany (25 N.Y. 143), the bank was held liable to a bona fide holder upon a certificate of its officers, although such certificate was false, upon the ground that the officer so certifying was authorized to do similar acts for the bank and the holder was justified in relying thereon. This case differs from those only in the fact that the note here was received by the bank as collateral security for money then advanced. The trust company had authority to discount notes, and there is nothing to show that the bank had any reason to suppose this note was not taken by them in the ordinary course of business.
After it is settled that the bank would be liable if the note had been discounted for the use of the corporation, and that they had authority to make such a contract, I can see no good reason why the same liability should not exist to a bona fide holder for value as in the case of any individual *Page 633 
whose paper is fraudulently put in circulation. The principle upon which an individual is held liable, viz: that of having employed an agent and enabled him to pass the paper away and receive the proceeds by trusting him with it, applies just as strongly to the bank in the present case. The bank employed the trust company as its agent to collect the note, and placed it with the company for that purpose. By having the possession, they were enabled to pass it to the bank and receive its value from them. Under the cases above cited, I see no reason why the bank should not be held liable. It is said that where a note is signed or endorsed "A.B., agent," the person taking it is bound to inquire as to the authority of the agent. That would be so far as to ascertain the fact of agency. If, in the present case, Converse, who endorsed the note as cashier, was not in fact such officer, the plaintiffs could not recover. They would have been bound to ascertain that fact before trusting to his acts in that capacity; but when that is shown, then, according to the cases, his power as cashier authorizes him to transfer paper by endorsement, and it is not necessary to make any special inquiry as to his authority to endorse any particular note. (Mechanics'Bank Association v. N.Y. and Saugerties White Lead Co., 23 How. Pr. p. 74; Merchants' Bank v. McColl, 6 Bosw. 473;Belmont Branch Bank v. Hoge, 7 Bosw. 543); but only as to his official character and authority.
The judgment should be affirmed.
All the judges concurring, judgment affirmed. *Page 634